Kimberlee A. Rode (State Bar No. 186132)
Law Office of Kimberlee A. Rode
9284 Jackson Road
Sacramento, CA  95826
Telephone: (916) 417-4564
Facsimile: (916) 244-7006

Attorney for Plaintiff Jerry Sam and Melenie Sam

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jerry Sam and Melenie Sam,<br><br>Plaintiff,<br><br>and<br><br>American Home Mortgage Servicing,<br><br>Deutsche Bank  National Trust Company, as<br><br>Trustee for the Certificateholders of<br><br>Soundview Home Loan Trust 2006-OPT3,<br><br>Asset-Backed Certificates, Series 2006-OPT3<br><br>and LENDER DOE<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL<br><br>1. Truth In Lending Act Violations<br>2. RESPA Violations<br>3. Fair Debt Collection Practices Act Violations<br>4. Violations Of California Business & Professions Code § 17200<br>5. Violation of the Federal Fair Credit Reporting Act<br>6. Breach of Covenant of Good Faith and Fair Dealing. |

## I. INTRODUCTION

1.     This is an action pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, et seq.,

Bus. & Prof. Code § 17200, et seq., and other statutory and common laws in effect. Plaintiff Jerry

Sam and Melenie Sam ("Plaintiff"), brings this action against American Home Mortgage Servicing

("AHMS"), Deutsche Bank  National Trust Company, as Trustee for the Certificateholders of

Soundview Home Loan Trust 2006-OPT3, Asset-Backed Certificates, Series 2006-OPT3

("DEUTSCHE") and LENDER DOE ("DOE"), based, in part, on Defendants failure to properly

1

respond and address the rescission request of the loan of Plaintiff pursuant to the Truth In Lending Act subjecting Plaintiff to damages.

2.     Specifically, Defendants AHMS, Deutsche Bank  National Trust Company, as Trustee for the Certificateholders of Soundview Home Loan Trust 2006-OPT3, Asset-Backed Certificates, Series 2006-OPT3 and/or LENDER DOE predecessor, Proffer Financial, failed to properly provide two copies each of the Notice of Right to Cancel to plaintiff in violation of 12 C.F.R. §226.23, Reg. Z §226.4(a)(2)-1 and Reg. Z §226.4(b)(2).

3.     Defendant AHMS failed to comply with the Federal Real Estate Settlement Procedures Act by properly responding to a Qualified Written Request.  12 U.S.C. §2605.

4.     Defendant AHMS failed to comply with California Business and Professions Code §17200 et seq. by untimely responding to the Plaintiff's request for rescission, willfully failing to provide the name, address and telephone number of the owner of the obligation and systematically failing to act in any good faith with the Plaintiff's requests.

5.     Defendant AHMS failed to comply with State Fair Debt Collection Practices by continually contacting Plaintiff after Plaintiff had requested the contact stop pursuant to State law.

## II. JURISDICTION

6.     Subject Matter Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

7.     The Court has supplemental jurisdiction over the Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

8.     This Court has personal jurisdiction over the parties in this action by the fact that Defendants are either individuals who reside in this District within California or are corporations duly licensed to do business in California.

9.     Venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this district, and because there is personal jurisdiction in this district over the named Defendants because it regularly conducts business in this judicial district.

### III. PARTIES

10.    The Plaintiff, Jerry Sam and Melenie Sam, are natural persons, (hereinafter referred to as "SAM") and was at all times relevant, residing at 9535 Palazzo Drive, Stockton, CA  95212  (the "Subject Property").

11.    Plaintiff believes that Defendant American Home Mortgage Servicing (AHMS) is, or at all times relevant to this action, a corporation with a mailing address of 4600 Regent Blvd., Suite 200, Irving, TX  75063.

12.    Plaintiff believes that Defendant Deutsche Bank  National Trust Company, as Trustee for the Certificateholders of Soundview Home Loan Trust 2006-OPT3, Asset-Backed Certificates, Series 2006-OPT3 (DEUTSCHE) is, or at all times relevant to this action, a corporation with a mailing address of 60 Wall Street, New York, NY 10005.

13.    DEUTSCHE provides banking and bank-eligible securities services.

14.    Plaintiff believes that Defendant LENDER DOE was, or at all times relevant to this action was, a domestic corporation, business entity, and/or a "Doing Business As" entity.  Plaintiff does not know the true name of LENDER DOE as Defendant AHMS has willfully failed to identify LENDER DOE for whom they service the loan and Plaintiff will amend this complaint once the identity of LENDER DOE is discovered.

### IV. PRELIMINARY ALLEGATIONS

15.    On or about March 6, 2006, Plaintiff entered into a consumer credit transaction, a first deed of trust in the amount of $488,000.00 (AHMS servicing Loan Number 0021014790)  (referred to as "Loan Transaction") with Proffer Financial in which the extended consumer credit was subject to a

finance charge and which was initially payable to Proffer Financial.  A true and correct copy of the Note and security instrument (Deed of Trust) provided to Plaintiff by Proffer Financial is attached as Exhibit "A" .

16.    Proffer Financial was required to provide Plaintiff certain disclosures pursuant to the TILA and Reg. Z.

17.    Plaintiff's loans are subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z") as Proffer Financial was a "creditor" pursuant to said Act.

18.    TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions.  This three-day right to cancel applies to Plaintiff's loans with Proffer Financial now serviced by AHMS since the transaction was on the Plaintiff's principal residence and was a refinance transaction.

19.    Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a).

20.    If the required notices of cancellation (Notice of Right to Cancel) are not provided or provided inaccurately, then the right to cancel extends to three years after the date of the loan. 15 U.S.C. § 1635(f).

21.    If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

22.    A consumer may exercise their right to cancel a transaction by delivery of a written notification of the consumer's wish to cancel the transaction to the creditor's place of business or upon notice to the assignee of the creditor.

 a.  A consumer may use the form provided by the creditor or any written statement.

b.  The form promulgated by the Truth In Lending Act merely states, "I Wish to Cancel".

23.    Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

24.    When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

25.    Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 15 C.F.R. § 226.23(d).

26.    Pursuant to the Official Staff Commentary to Regulation Z 226.23(d)(1), the security interest becomes void when the consumer exercises the right of rescission and the security interest is automatically negated:

> *Termination of security interest.  Any security interest giving rise to the right of rescission becomes void when the consumer exercises the right of rescission. The security interest is <u>automatically negated</u> regardless of its status and whether or not it was recorded or perfected. Under § 226.23(d)(2), however, the creditor must take any action necessary to reflect the fact that the security interest no longer exists.*

27.    Pursuant to the Official Staff Commentary to Regulation Z 226.23(d)(3), the creditor must take steps to indicate that the security interest is terminated within the 20 day response period after receiving the consumers request to rescind.  The creditor must begin the process within the 20 day period and is solely responsible for ensuring the process is completed:

> *Reflection of security interest termination.  The creditor must take whatever steps are necessary to indicate that the security interest is terminated. Those steps include the cancellation of documents creating the security interest, and the filing of release or termination statements in the public record. In a transaction involving subcontractors or suppliers that also hold security interests related to the credit transaction, the creditor must insure that the termination of their security interests is also reflected. <u>The 20-day period for the creditor's action refers to the time within which the creditor must begin the process. It does not require all necessary steps to have</u>*

_been completed within that time, but the creditor is responsible for seeing the process through to completion._

28.    By a letter dated February 3, 2009 (Exhibit "B" attached and incorporated herein by reference), Plaintiff notified Proffer Financial and AHMS (and DEUTSCHE and LENDER DOE through their agent AHMS) that they were making a Qualified Written Request under RESPA, pointed out the deficient notice of right to cancel under the Truth In Lending Act and that Plaintiff was rescinding the loan pursuant to the Truth In Lending Act.

29.    Proffer Financial was required to provide Plaintiff with two copies each of a completed Notice of Right to Cancel at the time of consummation or at the time of giving the final disclosures.

30.    Proffer Financial violated TILA by failing to provide Plaintiff with two copies of their Notice of Right to Cancel on each loan.

31.    Said failure to provide the proper notices allows Plaintiff to rescind the loans as to the assignees, Defendants herein.

32.    While Plaintiff believes that AHMS is a servicing agent for a securitized pool, as of the date of this filing, we believe that AHMS is jointly and severely liable for damages related to this action as they have failed to identify their principal (for whom they act as agent for).

   a.    The only reason Plaintiff is aware of defendant DEUTSCHE is due to their appearance in a bankruptcy case and it is believed based on that appearance that DEUTSCHE may be the lender in this case.

33.    Plaintiff contends that under common law and Restatement of Agency, if an agent has actual or apparent authority, the agent will not be liable for acts performed within the scope of such authority, so long as the relationship of the agency and the identity of the principal have been disclosed. When the agency is undisclosed or partially disclosed, however, both the agent and the principal are liable.

34.    Plaintiff was a debtor under Chapter 7 of the Bankruptcy Code.  On July 31, 2009, Plaintiff

was granted a discharge.  A true and correct copy of the discharge is attached as Exhibit E.

### FIRST CAUSE OF ACTION TRUTH IN LENDING ACT
### FOR RESCISSION AND DAMAGES AGAINST ALL DEFENDANTS
**(Violations of Truth in Lending Laws)**
**(Damages pursuant to 15 U.S.C. §1635(g) and 15 U.S.C. §1640)**
**(Order directing AHMS to comply with 15 U.S.C. § 1641)**

35.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

36.     15 U.S.C. § 1601, et seq., is the Federal Truth in Lending Act ("TILA"). The Federal Reserve Board of Governors implements the Federal Truth in Lending Act through Regulation Z (1C.F.R. § 2) and its Official Staff Commentary. Compliance by lenders with Regulation Z became mandatory October 1, 1982. Likewise, Official Staff Commentary issued by the Federal Reserve Board is also binding on all creditors.

37.     The purpose of TILA is to protect consumers. This is stated in 12 C.F.R. § 226.1, which reads:

> *§ 226.Authority, purpose, coverage, organization, enforcement and liability... (b) Purpose. The purpose of this regulation is to promote the informed use of consumer credit by requiring disclosures about its terms and costs. The regulation also gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling.*

38.     Reg. Z also mandates very specific disclosure requirements regarding home loans with which creditors, must comply (if they fail to do so, <u>assignees are only liable for rescission and for damages related to their failure to act on the rescission</u>):

> *§ 226.17. General disclosure requirements. (a) Form of disclosures. (1) The creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep. The disclosures shall be grouped together, shall be segregated from everything else, and shall not contain any information not directly related to the disclosures required under § 226.18.*

39.     AHMS failed to comply with Plaintiff's request for the name, address and telephone number of the true note holder as requested in the Plaintiff's February 3, 2009 (Exhibit B) letter pursuant to 15 U.S.C. § 1641.

40.     AHMS has held itself out as the note holder and keeping the identity of the true note holder

from Plaintiff which Plaintiff believes is a fraudulent act as they are making an intentional misrepresentation and actively concealing known the fact:

    a.  AHMS is required to disclose said information pursuant to 15 U.S.C. § 1641.

    b.  AHMS was not the true note holder at the time requested and recklessly claimed it was, knowing it was not true.

    c.  AHMS knew that Plaintiff would rely on said statements as fact thereby believing any remedy they proposed was done so by the true note holder.

    d.  Plaintiff was not aware that said representation was false.

    e.  Plaintiff has been harmed in that they have had to bring this action to enforce their rights and will continue to be harmed until they can obtain the name and contact information of the true owner of the note through discovery.

41.    While Plaintiff believes that AHMS is merely a servicing agent at the time of filing this complaint, their true role is unknown and they could be a servicing agent, lender, have an interest in the subject loan and are intentionally keeping their true role a mystery despite Plaintiff's request as a Qualified Written Request.

42.    Generally, a servicing agent does not have liability under the Truth In Lending Act but Plaintiff does believe they have liability under common law (Restatement of Agency), because if an agent has actual or apparent authority, the agent will not be liable for acts performed within the scope of such authority, so long as the relationship of the agency and the identity of the principal have been disclosed. When the agency is undisclosed or partially disclosed, however, both the agent and the principal are liable.  As alleged herein, AHMS is intentionally withholding the identity of their principal thereby rendering themselves liable for their acts.

43.    Effective May 20, 2009, Public Law 111-22, Helping Families Save Their Homes Act of 2009, was signed into law by President Obama to address the difficulties homeowners are having in securing from servicing companies who actually owns their loans.

44.     Public Law 111-22 requires that creditors identify the creditors they assign loans to and impose liability on servicers who do not disclose the identity of the owners of the obligations they service loans for.  AHMS has willfully failed to comply with Public Law 111-22.

45.     Pursuant to 15 U.S.C. 1641, any civil action that may be brought against any creditor may also be brought against any assignee of the creditor.

    a.   Typically such liability is limited to errors apparent on the face of the disclosure statement (15 U.S.C. 1641(e).

    b.   However, 15 U.S.C. 1641(c) states that the assignee is subject to the rescission rights of the consumer even if there was not any error apparent on the face of the disclosures.

46.     DEUTSCHE AND LENDER DOE's loan to plaintiff violates TILA because Proffer Financial failed to provide the Plaintiff the required two copies each of the Notice of Right to Cancel for the Plaintiff's loan with the accurate information as required by the statute.

47.     As a result of the failure to provide accurate and true copies of the Notice of Right to Cancel for the Loan Transaction, Plaintiff was entitled to the extended three year right to rescind the Loan Transaction and did in fact exercise that right.

48.     Since DEUTSCHE  and LENDER DOE failed to take action within 20 days, ownership of the property vests in the obligor without obligation on their part to pay for it.

49.     Plaintiff alleges that the improper providing of rescission forms is a prevalent problem in the lending industry, known by AHMS, DEUTSCHE,  LENDER DOE and Proffer Financial, of which they willfully fail to put in place proper controls to ensure their obligations under the Truth In Lending Act, i.e. providing rescission rights and notices, is met by the agents and the predecessors in interest they employ.

    a.   Creditors and assignees routinely claim that the providing of completed copies to consumers are mere technical violations.

    b.   Plaintiff contends that creditors and assignees compliance with providing proper and

completed rescission forms to consumers is a relatively simple task with proper controls but that creditors and assignees are negligently failing to meet their obligations.

50.    Plaintiff further contends, while not their responsibility but the responsibility of the creditor, they lack the proper expertise to properly calculate business days as on information and belief, business day for rescission purposes is different than a lay persons belief of what a business day is and therefore needs a complete form with the actual dates completed to be given proper disclosure of when their right to cancel begins and ends.

51.    Plaintiff's extended right to rescind on the first deed of trust was in effect on February 3, 2009 when Plaintiff validly rescinded the transaction by sending to AHMS, DEUTSCHE, LENDER DOE's agent, the notification of the wish for rescission as alleged herein  (Exhibit B).

52.    Said notice was sent to the servicing agent of LENDER DOE, AHMS, who is authorized to receive notices on behalf of LENDER DOE under State agency laws and pursuant to the Truth In Lending Act.

53.    In an attempt to mitigate the damages, Plaintiff offered alternatives in its rescission request by agreeing to settle the issue in multiple manners such as a modification and even left open the door to counterproposals from Defendant.

a.   Plaintiff did so on the belief of the general principal that "victims of legal wrong should make reasonable efforts to avoid incurring further damage."

b.   Furthermore, since every contract has an element of "good faith and fair dealing" said attempts were to act in good faith in attempting to resolve the rescission issue.

c.   The Truth In Lending Act does not prohibit a consumers attempt to mitigate damages as part of their rescission request.

54.    Defendant did not act upon Plaintiffs attempt to mitigate damages or act in good faith towards a resolution.

55.     The model form of a rescission notice (H-8) under Appendix H to Regulation Z begins the exercise of the rescission by the statement "I WISH TO CANCEL".

    a.     Black's Law Dictionary defines "wish" as "eager desire; longing; expression of desire; a thing desired; an object of desire."  Desire is further defined as "to ask, to request."

56.     In effect, a consumer merely must notify the creditor of the desire to cancel for notice to be effective and is not required by said notice to contain proof of tender or a definitive statement of rescission.

57.     A true and correct copy of the Notices of Right to Cancel which failed to comply with the Truth In Lending Act are attached as Exhibit C.

58.     AHMS, DEUTSCHE and LENDER DOE's failure to rescind the loan and take the action necessary and appropriate to reflect the termination of the security interest within 20 days after Plaintiff's rescission of the transaction violated the Truth In Lending Act.

59.     Pursuant to the Official Staff Commentary to Regulation Z 226.23(d)(3), the creditor must take steps to indicate the security interest is terminated within the 20 day response period after receiving the consumers request to rescind.  The creditor must begin the process within the 20 day period and is solely responsible for ensuring the process is completed:

> *Reflection of security interest termination.  The creditor must take whatever steps are necessary to indicate that the security interest is terminated. Those steps include the cancellation of documents creating the security interest, and the filing of release or termination statements in the public record. In a transaction involving subcontractors or suppliers that also hold security interests related to the credit transaction, the creditor must insure that the termination of their security interests is also reflected. <u>The 20-day period for the creditor's action refers to the time within which the creditor must begin the process. It does not require all necessary steps to have been completed within that time, but the creditor is responsible for seeing the process through to completion</u>.*

60.     AHMS, DEUTSCHE and LENDER DOE willfully did not begin the process and have not taken responsibility to see the process through to completion.

61.     AHMS, DEUTSCHE and LENDER DOE have not requested from a court of competent

jurisdiction to modify the rescission process pursuant to Regulation Z 226.23(d)(4) during or after the 20 day response period thereby rendering the security interest (deed of trust) void leaving any tender obligation of Plaintiff, if any, as an unsecured obligation which was subsequently discharged in the Chapter 7 bankruptcy on July 31, 2009, of which AHMS was named as a creditor.

    a.  Since 15 U.S.C. §1635 is a statute of repose, Plaintiff contends that Defendants are now unable to request from any court of competition to modify the process under Regulation Z 226.23(d)(4) as such a request is now time barred.

62.    Plaintiff contends that tender was not a required event in the present rescission process as Defendants were obligated to act within the 20 day period pursuant to Regulation Z 226.23(d)(3), willfully failed to do so, failed to seek modification from a court of competent jurisdiction to maintain their security during the rescission process and allowed a discharge, by their own negligence, of the unsecured obligation in a Chapter 7 bankruptcy.

63.    Pursuant to 15 U.S.C. § 1640, Plaintiff has one year from the refusal by AHMS, DEUTSCHE AND LENDER DOE (or their agent) to file suit for damages, attorney's fees and costs and by this complaint, has done so.

64.    Plaintiff properly exercised their right by sending the notification of their wish to rescind the loan within the 3 year statute of limitations for said remedy, Plaintiff hereby requests damages, costs and attorney fees pursuant to both 15 U.S.C. §1635 and 15 U.S.C. §1640.

65.    The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. § 1635(b); Reg. Z §§ 226.15(d)(1), 226.23(d)(1).

66.    As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary §§ 226.15(d)(1)-1, 226.23(d)(1)-1.).

67.    The security interest is void and of no legal effect irrespective of whether the creditor makes

any affirmative response to the notice. Also, strict construction of Regulation Z would dictate that the voiding be considered absolute.

68.     Non-compliance with the rescission request is a violation of the act which gives rise to a claim for actual and statutory damages under 15 USC §1640.

69.     TILA rescission does not only cancel a security interest in the property but it also cancels any liability to pay finance and other charges, including accrued interest, points, broker fees, closing costs and provides that the creditor and/or assignee must refund all fees paid.

70.     Plaintiff requests damages from DEUTSCHE  and LENDER DOE in the form of a court order rendering the security instrument of DEUTSCHE  and LENDER DOE void and ownership of the property (money lent to Plaintiff) vests to the Plaintiff without obligation on their part to pay for it.

   a.   In the alternative, Plaintiff requests that the obligation to tender any funds were an unsecured obligation of the Plaintiff and said obligation was discharged in their Chapter 7 bankruptcy.

71.     Plaintiff requests damages from DEUTSCHE  and LENDER DOE in any other alternative relief the court deems fit and proper to effectuate the self executing process of 15 U.S.C. §1635.

72.     Plaintiff requests damages from AHMS, DEUTSCHE and LENDER DOE in the form of the all costs and attorney fees incurred related to this action as allowed by 15 U.S.C. §1640.

73.     Plaintiff requests statutory damages from AHMS, DEUTSCHE and LENDER DOE of $2,000.00 for failing to rescind the loan as required by TILA.

74.     Plaintiff requires damages from AHMS, DEUTSCHE and LENDER DOE for the return of all fees, interest and finance charges related to the LENDER DOE loan.

75.     Plaintiff requests the court grant Declaratory Relief perfecting that Plaintiff timely rescinded their loan within the statutory 3 year period pursuant to 15 U.S.C. §1635.

76.     Plaintiff requests the court grant injunctive relief against AHMS, DEUTSCHE and LENDER

DOE preventing enforcement of the security interest of the subject loan until final disposition of this action.

77.   Plaintiff requests that the court order AHMS to comply with Plaintiff's request for the name, address and telephone number of the true note holder as requested in the Plaintiff's February 3, 2009 (Exhibit B) letter pursuant to 15 U.S.C. § 1641.

### SECOND CAUSE OF ACTION FOR REAL ESTATE SETTLEMENT PROCEDURES ACT VIOLATIONS AGAINST ALL DEFENDANTS
**(Violations of Real Estate Settlement Procedures Act,
12 U.S.C. § 2601 et seq. – Failing to Properly Respond to a QWR)**

78.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

79.   AHMS is the agent of the owner of the obligation of DEUTSCHE  and LENDER DOE.

80.   Violation of RESPA applies to servicing agents related to their servicing activities.

81.   DEUTSCHE  and LENDER DOE, as the principal to their agency with AHMS is liable for the acts of their agent under agency law and as such, Plaintiff contends that DEUTSCHE, LENDER DOE and AHMS are jointly and severally liable for damages stated herein.

82.   The Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA") was enacted on December 22, 1974.

83.   RESPA applies to "federally related mortgage loans," which is defined at 12 U.S.C. § 2602(1).  RESPA initially applied only to certain first liens on residential real property.  On October 28, 1992, the law was amended to cover subordinate liens and loans used to prepay or pay off an existing loan secured by the same property.  12 U.S.C. § 2602(1); 24 C.F.R. § 3500.2.

84.   Plaintiff's February 3, 2009 letter (Exhibit B) was sent via a Certificate of Mailing with the United States Post Office (Exhibit D).

85.   AHMS did not respond to the requests of Plaintiff.

86.   Plaintiff's request is consistent with a Qualified Written Request under 12 U.S.C. § 2605(e), which imposes upon "loan servicers" the duty to timely respond to a "qualified written request"

from a borrower.

87.    A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that –

    a.  includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

    b.  includes a statement of the reasons for <u>the belief of the borrower</u>, not the belief of the servicer, to the extent applicable, that the account is in error **or provides sufficient detail to the servicer regarding other information sought by the borrower**.

88.    AHMS failed to acknowledge Plaintiff's Qualified Written Request pursuant to RESPA within 20 business days of receipt.  12 U.S.C. 2605(e)(1)(A).

89.    Plaintiff's February 3, 2009 letter (Exhibit B) was sent via a Certificate of Mailing with the United States Post Office (Exhibit D).  Allowing for mailing of 5 days, they were required to acknowledge the QWR by March 3, 2009.

90.    To date, AHMS has failed to respond to Plaintiff's Qualified Written Request pursuant to RESPA within 60 business days of receipt (12 U.S.C. 2605(e)(1)(A)) from their February 3, 2009 letter which was sent via a Certificate of Mailing with the United States Post Office (Exhibit D). Allowing for mailing of 5 days, they are required to respond to the QWR by April 28, 2009.

91.    12 U.S.C. §2605(e)(2) requires a loan servicer to take certain action within 60 days of receipt of a qualified written request. Such action may include:

    a.  providing the borrower with a written explanation or clarification that includes . . .

        i.  information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and

        ii.  the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower. 12 U.S.C. § 2605(e)(2).

92.   Pursuant to 12 U.S.C. 2605 (f), Plaintiffs are entitled from AHMS, DEUTSCHE and LENDER DOE, actual damages, statutory penalty of $1,000.00 and attorney fees and costs.

### THIRD CAUSE OF ACTION FOR FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS AGAINST DEFENDANT
**Rosenthal Fair Debt Collection Practices Act**
**California Civil Code §§ 1788-1788.32)**

93.   AHMS is the agent of the owner of the obligation of DEUTSCHE and or LENDER DOE.

94.   Defendant AHMS is a debt collector under the RFDCPA as they are currently servicing the loan on behalf of an unknown investor or on behalf of themselves.

    a.   For purposes of status, Plaintiff believes that AHMS is a servicing agent therefore debt collector however their true status is vague and unknown as AHMS has not informed Plaintiff of their true status despite requesting under a Qualified Written Request under RESPA who actually owns the obligation.

95.   The Rosenthal Fair Debt Collection Practices Act in § 1788.17 requires that all debt collectors, as defined under § 1788.2(c), which includes a creditor or anyone else collecting a debt on behalf of others, must comply with the provisions of 15 U.S.C. §1692b -§1692j and subject to the remedies of 15 U.S.C. § 1692k.

96.   Defendant AHMS received the Plaintiffs letter dated February 3, 2009 (Exhibit "B" and incorporated herein by reference). Plaintiff's letter stated, in part:

> *"In addition, Mr. and Mrs. Sam are asserting their rights under Section 805 of the Federal Fair Debt Collections Practices Act and the California Rosenthal's Fair Debt Collection Practices Act (applying to all creditors the Federal statute) in that they wish that all communications cease in relation to the debt except in the form of a written response to the request contained in this letter or those allowed per the statute."*

97.   Despite said notification, Defendant AHMS repeatedly contacted Plaintiff attempting to collect the debt.

98.   Such violation is a willful disregard for the rights of the Plaintiff and pursuant to California

Civil Code § 1788.30 Plaintiff is entitled to actual damages, statutory penalty of no less than $100.00 and no more than $1,000.00 and actual attorney fees.

99.    Plaintiff contends that AHMS does not have in place reasonable procedures necessary to avoid such a violation and their acts were therefore willful and they should not be allowed to avoid said damages and awards by claiming their acts were merely a bona fide error.

### FOURTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES AGAINST ALL DEFENDANTS
**(Violation of California's Unfair Competition Law,
Bus. & Prof. Code §17200 et seq.)**

100.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

101.   The Court has jurisdiction over this action pursuant to Business and Professions Code §§ 17200 et seq., specifically Business and Professions Code § 17203, which provides any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition; and Business and Professions Code Section 17204, which provides for actions for any relief pursuant to the Unfair Competition Law to be prosecuted exclusively in a court of competent jurisdiction by any board, officer, person, corporation or association or by any person acting for the interests of itself, its members or the general public.

102.   At all times relevant to this Complaint, AHMS was acting as a loan servicer, and DEUTSCHE  and LENDER DOE were acting as the owner of the obligation, who is in the business of providing and servicing residential mortgages to the general public and was acting within the scope of that business with regard to the loan transactions provided to Plaintiff.

    a.   For purposes of status, Plaintiff believes that AHMS is a servicing agent however their

true status is vague and unknown as AHMS has not informed Plaintiff of their true status despite requesting under a Qualified Written Request under RESPA who actually owns the obligation.

103.   AHMS is the agent of the owner of the obligation of DEUTSCHE  and or LENDER DOE.

104.   As set forth above under the First through Third Causes of Action, AHMS, DEUTSCHE LENDER DOE violated TILA, RESPA and Fair Debt Collection statutes.

105.   Since Plaintiff rescinded their loan in February 3, 2009, AHMS has continually engaged in harassment of the Plaintiff, communicated regarding the debt, invaded the privacy of Plaintiff and reported negative credit of Plaintiff, all the while never responding to Plaintiffs request for rescission and Qualified Written Request.

106.   As such, Defendants have an obligation to comply with the various statutes of TILA, RESPA, Fair Debt Collection and have ignored their compliance.  In the most outrageous of conduct, they ignored the requests but instead responded to the Plaintiff by filing a Notice of Default (foreclosure) on the property.

107.   Even though Plaintiff had rescinded the loan of Defendant and Defendant's security interest was rendered void, Defendant moved to enforce the security instrument by a foreclosure process without seeking judicial guidance as to the validity of their security interest.

108.   Said conduct unfairly harms consumers in California as Defendant ignored their obligation to take action pursuant to the TILA and RESPA requests of consumers and instead "bullied" the consumer by filing foreclosure.

109.   WHEREFORE, Plaintiff prays for judgment for rescission, damages, attorney fees and any other relief the court deems fit and proper.

**FIFTH CAUSE OF ACTION FOR VIOLATION OF THE**
**FAIR CREDIT REPORTING ACT**
**AGAINST ALL DEFENDANTS**
**(15 U.S.C. § 1681 et seq.)**

110. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

111. According to the Fair Credit Reporting Act, section 623. A key responsibility of furnishers of information to consumer reporting agencies is to provide accurate information. [15 U.S.C. § 1681s-2].

112. The reporting done by AHMS is as an agent for DEUTSCHE  and or LENDER DOE. DEUTSCHE  or LENDER DOE is responsible for the acts of their agents.

113. According to the Fair Credit Reporting Act [15 U.S.C. § 1681n], any person who willfully fails to comply with any requirement imposed the statute is liable to that consumer in an amount equal to the sum of any actual damages sustained or damages of not less than $100 and not more than $1,000 the costs of the action together with reasonable attorney's fees as determined by the court.

114. As Plaintiff has rescinded their loan, disputed the debt under the Fair Debt Collection Practices Act and has made a Qualified Written Request under RESPA, Defendants are prohibited from reporting any delinquency pending the resolution of this matter, but they continue to report derogatory information.

115. THEREFORE Plaintiff request judgment against Defendant for damages of $1,000 plus costs and fees and attorney fees.

### SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

116. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

117. Defendants entered into written agreements with Plaintiff based upon the term on the loans as stated in the Note.

118. The Notice of Right to Cancel was prepared and created by Defendants predecessor, and applicable to Plaintiff's loan, did not disclose, and by omission, failed to inform Plaintiff what the rescission period was in violation of TILA as alleged herein.

119.   Despite calling to the attention of the Defendants the rescission problems, the Plaintiff offered to resolve the issue by negotiation, Defendant did not engage in the slightest effort of good faith to resolve the issue with Plaintiff.

120.   Defendants unfairly interfered with Plaintiff's rights to receive the benefits of the contract.

121.   Plaintiff, on the other hand, did all of those things the contract required of them under the terms of the loan transactions including exercising their rights under the Truth In Lending Act.

122.   At all times relevant, Defendants unreasonably denied Plaintiff the benefits promised to them under the terms of the Note, including providing a proper Notice of Right to Cancel.

123.   Plaintiff contacted Defendants on February 3, 2009 pointing out defects in their contract, proposed a solution and made the requests under statutory authority.  Defendants did not comply with the statutory requests or engage in any good faith effort to resolve the issue.  Instead, they sent threatening letters demanding payments on a rescinded loan and if said payments were not made, they would foreclose on the property and did in fact file for foreclosure.

124.   Knowing the truth and motivated by profit and market share, Defendants have knowingly and willfully breached the implied covenant of good faith and fair dealing by engaging in the acts and/or fraudulent omissions to mislead and/or deceive Plaintiff and others similarly situated as alleged herein.

125.   Defendants' breaches, as alleged herein, were committed with willful and wanton disregard for whether or not Plaintiff or others similarly situated could exercise their consumer rights (TILA, RESPA and Fair Debt Collection) and merely ignored their requests, which is not reasonable.

126.   Defendants' placing of their corporate and/or individual profits over the rights of others is particularly vile, base, contemptible, and wretched and said acts and/or omissions were performed on the part of officers, directors, and/or managing agents of each corporate defendant and/or taken with the advance knowledge of the officers, directors, and/or managing agents who authorized and/or ratified said acts and/or omissions. Defendants thereby acted with malice and complete

indifference to and/or conscious disregard for the rights and safety of others, including Plaintiff and the General Public.

127.   At all times relevant, Defendants' conduct, as alleged herein, was malicious, oppressive, and/or fraudulent.

128.   As a result of Defendants' conduct, Plaintiff has suffered harm as proven hereto before and to be proven at trial.

129.   WHEREFORE, Plaintiff is entitled to declaratory relief, all damages proximately caused by Defendants' breach of the implied covenant of good faith and fair dealing as alleged herein, punitive damages, pre-judgment interest, costs of suit and other relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

A. For actual damages according to proof;

B. For compensatory damages as permitted by law;

C. For consequential damages as permitted by law;

D. For statutory damages as permitted by law;

E. For rescission;

F. For equitable relief, including restitution;

G. For restitutionary disgorgement of all profits Defendant obtained as a result of their unfair competition;

H. For interest as permitted by law;

I. For Declaratory Relief;

J. For Injunctive Relief;

K. For reasonable attorneys' fees and costs; and

L. For such other relief as is just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38, Plaintiff Jerry Sam and Melenie Sam

hereby demands a jury trial on all issues triable by jury.


Dated:  August 6, 2009              By: /s/ Kimberlee A. Rode
                                    Kimberlee A. Rode, Attorney for
                                    Jerry Sam and Melenie Sam

## Exhibit List

| Exhibit A | Copy of Note and Deed of Trust on First Deed of Trust |
|-----------|-------------------------------------------------------|
| Exhibit B | Rescission Letter dated 03/10/2009 |
| Exhibit C | Copies of Notice of Right to Cancel received by Plaintiffs. |
| Exhibit D | Certificate of Mailing |
| Exhibit E | Bankruptcy Discharge filed July 31, 2009 |