UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY SAM and MELENIE SAM,

         Plaintiffs,

    v.

AMERICAN HOME MORTGAGE
SERVICING, et al.,

         Defendants.

_____/

NO. CIV. S-09-2177 LKK/KJM

O R D E R

This case involves the foreclosure of plaintiffs' mortgage. Their First Amended Complaint ("FAC") names two defendants and enumerates seven causes of action. Defendants American Home Mortgage Servicing, Inc. ("AHMSI") and Deutsche Bank National Trust Company ("Deutsche") move to dismiss all claims against them and to strike an exhibit attached to Plaintiff's FAC. The court concluded that oral argument was not necessary in this matter, and decides the motions on the papers. For the reasons stated below, the motions are granted in part and denied in part.

////

**I. BACKGROUND**[1]

On or about March 6, 2006, plaintiffs borrowed $488,000 from Proffer Financial secured by a deed of trust. FAC ¶ 16. Plaintiffs allege they did not receive two copies of a completed notice of right to cancel. FAC ¶ 30, 31. Plaintiffs sent a letter dated February 3, 2009, to defendants purporting to make a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"), alleging deficient notice of right to cancel under the Truth in Lending Act ("TILA") and purporting to rescind the loan. FAC ¶ 29.

AHMSI is a servicing agent but has failed to identify its principal. FAC ¶ 33. Deutsche entered an appearance in an unidentified bankruptcy proceeding, causing plaintiffs to believe that it may be the lender. FAC ¶ 33(a). Plaintiffs were granted a discharge of their debt on July 31, 2009. FAC ¶ 35.

**II. STANDARD**

**A. Standard for a Motion to Dismiss**

A Fed. R. Civ. P. 12(b)(6) motion challenges a complaint's compliance with the pleading requirements provided by the Federal Rules. Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give defendant "fair notice of what the claim is and the grounds upon

---

[1] These facts are taken from the allegations in the FAC unless otherwise specified. The allegations are taken as true for purposes of this motion only.

2

which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation and modification omitted). To meet this requirement, the complaint must be supported by factual allegations. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. Id. at 1949-50. Iqbal and Twombly therefore prescribe a two step process for evaluation of motions to dismiss. The court first identifies the non-conclusory factual allegations, and the court then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." Id.; Erickson v. Pardus, 551 U.S. 89 (2007).

"Plausibility," as it is used in Twombly and Iqbal, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557). A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by

3

lacking sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

**B.    Standard for a Motion to Strike under Fed. R. Civ. P. 12(f)**

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." A party may bring on a motion to strike within 20 days after the filing of the pleading under attack. The court, however, may make appropriate orders to strike under the rule at any time on its own initiative. Thus, the court may consider and grant an untimely motion to strike where it is proper to do so. *See* 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d* § 1380.

Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. Id.; see also Hanna v. Lane, 610 F. Supp. 32, 34 (N.D. Ill.1985). If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. See 5A Wright & Miller, supra, at § 1380.

////

////

////

4

                      **III. ANALYSIS**

**A.    Motion to Dismiss**

      **1.    Truth-in-Lending-Act ("TILA")**

           **a.    Plaintiffs' Claim for Rescission Under TILA**

Defendant moves to dismiss plaintiffs' TILA claim insofar as they seek rescission of their loan on numerous grounds. The court need not address all these arguments because it dismisses plaintiffs' claim for damages because it was not timely filed.

TILA provides a three year statute of repose for rescission claims. 15 U.S.C. §§ 1635(f) and 1640(e). This time period commenced at the time the loan was entered, on March 6, 2006. <u>King v. California</u>, 784 F.2d 910, 914 (9th Cir. 1986). This period would normally have expired on March 6, 2009, and plaintiffs first alleged TILA violations in their initial complaint on August 6, 2009. Plaintiffs allege that they sent a letter to defendants rescinding their loan on February 3, 2009.

This court recently considered whether a plaintiff's claim for rescission under TILA is timely where a plaintiff sent a letter seeking rescission within the time period required under the statute of repose, yet files a complaint after the time period has expired. See <u>Falcocchia v. Saxon Mortg., Inc.</u>, No. CIV S-09-2700 LKK/GGH, 2010 WL 582059, *5-6 (E.D. Cal. Feb. 12, 2010). This court concluded that pursuant to <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161 (9th Cir. 2002), sending a "notice of rescission within the three year period is irrelevant" to whether plaintiffs timely filed a claim seeking rescission.

1  Falcocchia, 2010 WL 582059, *6. Rather, plaintiff must file a
2  complaint seeking rescission before the statute of repose
3  expires. Furthermore, the three year period for filing TILA
4  rescission claims is an absolute statute of repose that cannot
5  be tolled. Miguel, 309 F.3d at 1161. Thus, plaintiffs' claim for
6  rescission under TILA is dismissed.

### b. Plaintiffs' Claim for Damages Under TILA

Plaintiffs argue that they are only bringing a claim for damages arising out of defendants' failure to respond to their rescission request. If a creditor refuses to cancel a loan following a timely demand for rescission, the borrower has one year from the refusal to file suit for damages pursuant to 15 U.S.C. § 1640. Miguel, 309 F.3d at 1165 (citing 15 U.S.C. § 1640(e)).

Here, plaintiffs allege that they sent a demand for rescission on February 3, 2009, and we have found no basis for the invalidity of this demand. The FAC was filed on October 22, 2009, well within the one year statute of limitations.

Furthermore, plaintiffs argue that they are entitled to damages due to defendants' alleged failure to comply with 15 U.S.C. § 1641(f). This section states that, "Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the

////

////

6

1  master servicer of the obligation." 15 U.S.C § 1641(f)(2).[2]
2  Defendants contend that this section does not mandate servicers
3  to provide this information, but rather only makes such
4  provision optional. The plain language of this section, however,
5  requires servicers to provide this information to obligors upon
6  written request of such information. Defendants present no
7  information as to why this court should depart from the
8  statute's plain language. Thereby, plaintiffs have stated a
9  claim for damages under this section.
10     Finally, defendants argue that plaintiffs' demand for
11 rescission is insufficient. Plaintiffs' February 2009 letter
12 offered to settle the rescission issue with defendant AHMSI and
13 proceeded to set forth a list of modified terms of plaintiffs'
14 loan. After listing the proposed modified terms, plaintiffs'
15 stated, "Of course, we would be interested in a <u>reasonable
16 counter proposal</u>. If you reject our settlement or we do not come
17 to a resolution, by this letter, . . . Mr. and Mrs. Sam <u>hereby
18 rescinds [sic] the above referenced loan</u>." Exhibit B to FAC.
19 Plaintiffs allege that AHMSI failed to respond to this letter.
20 Six months later, plaintiffs filed this complaint. Defendants
21 contend that a notice of rescission must be unequivocal.
22 However, they fail to cite to any support for this contention.

---

[2] The court notes that section 1641 was amended on May 19, 2009, after plaintiff sent his letter seeking this information from defendants. However, these changes did not effect the language of this requirement that the servicer provide the obligor with the name, address, and telephone number of the owner of the obligation.

7

Moreover, neither TILA and Regulation Z, which implements TILA, set forth any technical requirements that govern the language a consumer must use when requesting a rescission. Thus, defendants' motion to dismiss plaintiffs' claim for damages under TILA is denied.

### 2. Real Estate Settlement Procedures Act ("RESPA")

Defendants move to dismiss plaintiffs' RESPA claim on two grounds. For the reasons described below, defendants' motion is denied as to this claim.

First, defendants argue that plaintiffs' qualified written request ("QWR") is invalid. 12 U.S.C. Section 2605(e)(1) defines a QWR as written correspondence that identifies the name and account of the borrower and includes a statement of reasons the borrower believes the account is in error or provides sufficient detail regarding other information sought. Here, plaintiffs' attached QWR identifies the name and account of the borrowers and requests specific documents related to the loan. Plaintiffs allege that defendants failed to respond to this QWR. This is a sufficient allegation of a violation of 12 U.S.C. Section 2605(e).

Second, defendants argue that plaintiffs alleging a violation of RESPA must allege damages to state a claim under the statute. 12 U.S.C. § 2605(f)(1)(A).[3] Because plaintiffs

---

[3] RESPA allows for a plaintiff to recover damages of up to $1000 "in the case of a pattern or practice of noncompliance" with the statute. Plaintiffs state that they are seeking statutory damages of $1000 for violations of RESPA, and allege that

8

failed to allege damages, defendants argue, the claim should be dismissed. Defendants argument fails because plaintiffs have alleged that they have suffered damages because of defendants' violation of RESPA. FAC ¶ 110. Moreover, as described above, defendants' failure to respond to plaintiffs' QWR resulted in plaintiffs being unable to rescind their loan. This clearly constitutes alleged damages. Thus, the motion to dismiss plaintiffs' RESPA claim is denied.

### 3. Violations of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act")

California's Rosenthal Act prohibits creditors and debt collectors from, among other things, making false, deceptive, or misleading representations in an effort to collect a debt. Cal. Civ. Code §§ 1788, et seq. A "debt collector" is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. Cal Civ Code § 178.2(c); see also Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1100 (C.D. Cal. 2008). Plaintiff alleges that defendant AHMSI violated the Rosenthal Act by repeatedly contacting plaintiffs to collect plaintiffs' debt under the loan after plaintiffs sent AHMSI a letter through a third party

---

defendants "have had several complaints related to their intentional ignoring of" QWRs and "do not have in place reasonable and proper controls to proper [sic] respond to" QWRs. FAC ¶¶ 109, 110. Defendants do not raise any arguments as to whether statutory damages are properly pled, and, accordingly, the court does not address whether plaintiff has alleged a pattern and practice of noncompliance that would entitle them to statutory damages.

9

representative requesting that "all communications cease in relation to the debt except in the form of a written response to the [QWR] . . . or those allowed per statute," FAC ¶¶ 115-16.

California Civil Code Section 1788.14(c) states that,

> No debt collector shall collect or attempt to collect a consumer debt by . . . [¶] [i]nitiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney . . . .

Here, Exhibit B to the FAC clearly meets all of these requirements except that the third party who signed the letter did not indicate whether he is a lawyer. Rather, the letter indicates that plaintiffs have retained Mortgage Litigation Consultants ("MLC") to represent them in this matter. David A. Pereira signed the letter. This letter referenced an exhibit that indicates that plaintiffs retained MLC. The exhibit indicates that plaintiffs "have retained attorney Kimberlee Rode to act as [our] attorney and Mortgage Litigation Consultants." It seems to the court that even though Ms. Rode did not sign the letter, the reference to the exhibit that indicates that plaintiff has retained Ms. Rode and MLC to represent them in this matter is sufficient to constitute notification, in writing, by a debtor's attorney. Individuals often retain law firms, and not individual lawyers. Moreover, the name of the organization, Mortgage Litigation Consultants, further suggests

10

legal representation. Accordingly, defendants' motion to dismiss plaintiffs' claim for violation of the Rosenthal Act is denied.

**4.    Violations of California Unfair Competition Law**

California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, ("UCL") proscribes "unlawful, unfair or fraudulent" business acts and practices. Plaintiffs allege that defendants violated UCL by (1) violating TILA, RESPA, and California law as stated in their complaint, FAC ¶ 124; (2) harassing plaintiffs in collecting the debt, making negative credit reports, and failing to respond to plaintiffs' QWR, FAC ¶¶ 125-26; and (3) foreclosing upon plaintiffs' loan instead of seeking loan modification, FAC ¶ 128.

Plaintiffs have stated a claim under the theory that defendants acted unlawfully. As discussed above, plaintiff has adequately alleged unlawful acts under TILA, RESPA, and the Rosenthal Act. Because failure to respond to a QWR is a violation of RESPA, this allegation also states a claim for unlawful actions. These allegations identify predicate acts supporting a UCL claim.

Plaintiffs have also stated a claim for unfair business practices to the extent that they allege that defendants' harassed them in the collection of the debt. However, making negative credit reports, to the extent that they were correct, and foreclosing upon a loan to which defendants have a right to foreclose, do not constitute unfair business practices, and plaintiffs have not stated a claim under these theories.

11

1    Defendants also argue that plaintiff lacks standing to
2 bring this claim because he has not experienced an injury.
3 However, it is clear that to the extent that he has stated a
4 claim of injury sufficient under these separate causes of
5 action, he has stated a claim of injury sufficient here.
6 Further, plaintiffs have alleged that they have been forced to
7 file for bankruptcy due to defendants' actions, which has caused
8 them financial injury. Thus, defendants' motion to dismiss this
9 claim is denied insofar as plaintiffs' claim arises out of these
10 theories, and is otherwise granted.
11      **5.   Slander Claims**
12    Defendants argue that these claims fail to meet the
13 required particularity. Defamation is comprised of both libel
14 and slander. Cal. Civ. Code § 44. To state a claim for slander,
15 a plaintiff must show there was publication, without privilege
16 or justification, which is false and causes direct or immediate
17 pecuniary loss. Manhattan Loft, LLC v. Mercury Liquors, Inc.,
18 173 Cal. App. 4th 1040, 1050-51 (2009); Howard v. Schaniel, 113
19 Cal. App. 3d 256, 263-64 (1980). In support of plaintiffs' claim
20 for slander of credit, plaintiffs allege that AHMSI and
21 Deutsche, as its principal, caused the publishing with credit
22 agencies of false statement regarding plaintiffs'
23 creditworthiness and caused harm to plaintiffs. With respect to
24 plaintiffs' claim for slander of title, plaintiffs allege that,
25 "Defendants have caused to be recorded various documents
26 including a Notice of Default

12

1  which has impaired the Plaintiffs title . . . ." FAC ¶ 157.
2       First, plaintiffs have stated a claim for slander of title
3  for the making of false credit reports. Specifically, plaintiffs
4  have alleged that defendants made false publications to a third
5  party that caused plaintiffs' harm. Defendants do not argue that
6  this communication was privileged. Thus, plaintiffs have stated
7  a claim under this theory.
8       Second, Plaintiffs have not stated a claim for slander of
9  title for  recording the notice of default. California Civil
10 Code Section 2924(d) expressly privileges "mailing, publication,
11 and delivery of notices as required by this section" as well as
12 the "[p]erformance of procedures set forth in this article,"
13 which includes notices of default. Therefore the recording of
14 the notice of default cannot constitute a basis for a slander of
15 title claim as plaintiffs allege. Moreover, plaintiffs have not
16 alleged any false statements in the documents recorded by
17 defendants. As such, plaintiffs have not stated a claim under
18 this theory of slander.
19      **6.   Implied Covenant of Good Faith and Fair Dealing**
20      Plaintiff brings a claim for breach of the implied covenant
21 of good faith and fair dealing as to defendant Deutsche.
22 Plaintiffs allege that Deutsche violated this implied covenant
23 by foreclosing upon plaintiffs' loan rather than seeking loan
24 modification and aware that plaintiffs were seeking to rescind
25 the loan. A claim for breach of the duty of good faith is a
26 claim that a defendant deprived plaintiff of benefits reasonably

13

1   expected by the parties under the contract. Foreclosing upon a
2   loan where such foreclosure is permissible by law and the terms
3   of the loan agreement does not deprive plaintiff of any benefits
4   reasonably expected by the parties to the loan. Specifically,
5   when one refinances a home loan, one reasonably expects
6   foreclosure if they are unable to make their loan payments. For
7   the foregoing reasons, the motion to dismiss this claim is
8   granted.

9   **B.   Motion to Strike**

10       Defendants argue that exhibit "F" to the FAC is a
11  generalized and self-serving article about motives of loan
12  servicers and is irrelevant and immaterial to the action, and
13  scandalous and prejudicial.

14       Plaintiffs argue that the exhibit references relevant
15  unfair competition statutes and provides clarity to the
16  pleadings and that pleadings have limited importance in federal
17  practice.

18       Matter is immaterial when it has no important or essential
19  relationship to the claim or defenses pled. Fantasy, Inc. v.
20  Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other
21  grounds, 510 U.S. 517 (1994). Scandalous matter improperly casts
22  in a derogatory light and bears no relation to the action.
23  Wilkerson v. Bulter, 229 F.R.D. 166, 170 (E.D. Cal. 2005).

24       Here, defendants move to strike a 48-page article attached
25  to plaintiffs' complaint. This article discusses the role and
26  behavior of servicers in the mortgage market, but does not

1  mention the parties in this case. Also, the parties do not rely
2  on the article for any of their claims or defenses. Apparently
3  the only purpose for including it is to suggest that because
4  other mortgage servicers have behaved in a certain way, the
5  mortgage servicer in this case must have as well. For these
6  reasons we agree that exhibit "F" to the FAC is immaterial.
7  Accordingly, the motion to strike is granted.

## IV. CONCLUSION

For the reasons stated above, defendants' motions to dismiss and to strike, Doc. 19, are GRANTED IN PART.

The court DISMISSES without prejudice the following claims:

1. First Claim, for violation of TILA insofar as plaintiffs seek rescission, as to AHMSI and Deutsche;
2. Seventh Claim, for slander in title, as to AHMSI and Deutsche; and
3. Sixth Claim, for breach of the implied covenant of good faith and fair dealing, as to Deutsche.

The court DENIES defendants' motion to dismiss as to the following claims, insofar as they are premised on the theories found adequate in the analysis above:

1. First Claim, for violation of TILA insofar as plaintiffs seek damages, as to AHMSI and Deutsche;
2. Second Claim, for violation of RESPA, as to defendants AHMSI and Deutsche;
3. Third Claim, for violation of the Rosenthal Act, as to AHMSI;

1        4.   Fourth Claim, for violation of the UCL, and
2        5.   Fifth Claim, for slander in title, as to AHMSI and
3             Deutsche.
4    The court further orders that defendants' motion to strike
5 Exhibit "F" of the FAC is GRANTED.
6    Plaintiffs shall file an amended complaint consistent with
7 this order within twenty-one (21) days of this order. It appears
8 to the court that the plaintiffs may truthfully amend to cure
9 defects on some of their dismissed claims. However, plaintiffs
10 are cautioned not to replead insufficient claims, or to falsely
11 plead.
12   IT IS SO ORDERED.
13   DATED:  March 3, 2010.

                              _____
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT

16